# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AUTUMN EMILY SMITH, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-04687 |
| CLEARVIEW RESOLUTION SERVICES, INC. d/b/a CRS & ASSOCIATES d/b/a CRS, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes AUTUMN EMILY SMITH ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CLEARVIEW RESOLUTION SERVICES, INC. d/b/a CRS & ASSOCIATES d/b/a CRS ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a 30 year-old natural person residing in Chicago, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a privately owned collection agency that "strive[s] to create a better model for debt collection that works with [its] clients and the debtor to achieve repayment and fully settle debts."[1] With its principal place of business located at 2001 Niagara Falls Boulevard, Suite 9, Amherst, New York, Defendant regularly collects upon consumers in the State of Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. In approximately April 2017, Plaintiff began receiving calls to her cellular phone, (661) XXX-4127 from Defendant. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 4127. Plaintiff is and has always been financially responsible for the cellular phone and its services.

---

[1] http://www.clearviewresolutionservices.com/about-us

11. Plaintiff is unfamiliar with Defendant and has no knowledge as to why it would be calling her, as she does not owe any outstanding debts to it.

12. Upon speaking with Defendant, Plaintiff is informed that it is seeking to collect upon a debt allegedly owed by "Rachel Ortiz" ("Rachel"). *See* Exhibit A.

13. Rachel is Plaintiff's niece, and Plaintiff has never co-signed on any loan of Rachel's nor does she have any financial or business relationship with her whatsoever. *Id*.

14. Plaintiff informed Defendant as such and demanded that it stop contacting her. *Id*.

15. When Plaintiff answers Defendant's phone calls, she experiences a noticeable pause, lasting approximately four to five seconds in length, before a live representative begins to speak. *Id*.

16. When Plaintiff does not answer Defendant's phone calls, it leaves voice messages on her cellular phone, telling her to return its phone calls regarding an alleged debt. *Id*.

17. Defendant mainly calls Plaintiff's cellular phone using the phone number (661) 673-7923, but she believes it may have used other numbers as well. *Id*.

18. Upon information and belief, the above phone number ending in 7923 is regularly utilized by Defendant to make outgoing calls to consumers it is collecting upon.

19. On a couple of instances, Plaintiff has even returned Defendant's phone calls and has informed it that she was not the person it was looking for and to stop calling her. *Id*.

20. Despite Plaintiff's numerous demands to get Defendant to stop, it has continued to relentlessly call her up until the date of the filing of this action. *Id.*

21. On June 7, 2017, upon receiving another call from Defendant, Plaintiff called it back and spoke with a representative named "Nicholas Lopez" ("Mr. Lopez"). *Id*.

22. Mr. Lopez gave Plaintiff a great deal of information regarding Rachel's alleged debt, including the original creditor and outstanding balance. *Id*.

23. Mr. Lopez also told Plaintiff, "There is a pre-trial balance of $673.14," and he informed her that there will be "post-litigation costs, court costs and fee." *Id*.

24. Since this debt does not belong to Plaintiff, she notified Defendant that she had previously told it to stop calling but it has continued its phone calls. Plaintiff reiterated her demands that she did not wish to receive any more phone calls. *Id*.

25. Plaintiff has received approximately 15 phone calls from Defendant since informing it of the fact that it was calling the wrong person and that she did not wish to receive any more phone calls. *Id.*

26. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told that she is not the person it is looking for and to stop calling. *Id*.

27. Plaintiff has received approximately 15 phone calls from Defendant, seeking to collect upon the wrong individual.

28. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

29. Plaintiff has been unfairly harassed by Defendant's actions.

30. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for the wrong person, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though full set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and it has been a member of the ACA, an association of debt collectors, since 2016.[2]

35. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692b & c(b)**

36. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer," and under §1692b(3), "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

---

[2] http://www.acainternational.org/search#memberdirectory

37. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon an alleged debt owed by her niece. Plaintiff apprised Defendant of the fact that she had nothing to do with the debt in question and the fact that she did not wish to receive its phone calls, so it had more than enough information to know that the number it was calling did not belong to the individual owing the debt. Armed with this knowledge, Defendant still continued to call Plaintiff's cellular phone multiple times without her consent, and even disclosed a wide-range of information regarding her niece's debt.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

38. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

39. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff seeking to collect upon a debt that did not belong to her. This repeated behavior of systematically calling Plaintiff's phone in an attempt to collect upon a debt which she has nothing to do with, was harassing and abusive. Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff.

40. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and even threatened Plaintiff with legal fees, knowing that its conduct was inconvenient and harassing to her.

### c. Violations of the FDCPA § 1692e

41. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. §1692e(5)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

43. Defendant violated §1692e, e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Despite being told that the debt did not belong to her and to stop calling, Defendant continued to relentlessly contact Plaintiff over 15 times.  Instead of ceasing this behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer and ultimately make a payment. Defendant called Plaintiff multiple times during the same day, and even threatened Plaintiff with a lawsuit and legal fees if a payment was not made.  Defendant had no intention of taking these actions, and could not legally file a lawsuit against Plaintiff, as she had no obligation on the alleged debt.

44. In addition, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### d. Violations of FDCPA § 1692f

45. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

46. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff seeking to collect upon a debt which she does not owe.

Defendant also threatened Plaintiff by telling her that a lawsuit will be filed if payment is not made, which would result in post-litigation costs, court costs, and fees. Attempting to coerce Plaintiff into payment by placing voluminous phone calls and making threats after having knowledge that it is contacting the wrong person is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

47. As pled in paragraphs 25 through 30, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, AUTUMN EMILY SMITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

48. Plaintiff repeats and realleges paragraphs 1 through 47 as though fully set forth herein.

49. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

50. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting approximately four to five seconds in length, that Plaintiff experienced during answered calls before being connected with a live representative is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

51. Plaintiff does not have any business relationship with Defendant nor has she given it permission to call her cellular phone. Defendant was calling Plaintiff's cellular phone looking to collect upon her niece's debt. As such, she could not have given Defendant consent to contact her.

52. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

53. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, AUTUMN EMILY SMITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

54. Plaintiff restates and realleges paragraphs 1 through 53 as though fully set forth herein.

55. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

56. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

57. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

58. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when it had no reason or permission to do so. Defendant was attempting to contact an entirely different person, and by calling Plaintiff after learning that the phone number it was dialing did not belong the debtor, Defendant's only intention was to obtain payment from Plaintiff. The fact that it was continuously calling the wrong party is illustrative of Defendant's unfair practice.

59. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially when Defendant is relentlessly calling for the wrong individual.

60. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

61. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

62. As pled in paragraphs 25 through 30, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant was calling Plaintiff to collect upon a debt not belonging to her. Plaintiff was still bombarded with collection phone calls even though Defendant knew this debt belonged to her niece. Defendant placed these deceptive phone calls and made threats with the intent of securing payment, no matter if it was from the customer actually owing the debt, or an unrelated consumer such as Plaintiff. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, AUTUMN EMILY SMITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 22, 2017                                    Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                        Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Northern District of Illinois           Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                          900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                               Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                             (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                thatz@sulaimanlaw.com